RODNEY SAGE *vs.* RICHARD ENSIGN & another.

A partnership note is taken out of the operation of the statute of limitations by a part payment thereof made by one partner within six years, although the firm had then been dissolved by the voluntary act of the partners, if the holder of the note had previous dealings with the firm, and was not notified and had no knowledge of the dissolution.

CONTRACT upon a promissory note, signed "Ensign & Jones." Sidney Jones, one of the defendants, relied in defence upon the statute of limitations.

At the trial in the superior court, it appeared that Ensign & Jones were partners on the 22d of April 1853, when the note was given, and there was evidence tending to show a dissolution of the partnership by the voluntary act of the partners in April 1854. No notice of the dissolution was given except by posting up two notices, and there was no evidence that the plaintiff knew of it, and the plaintiff, in his testimony, denied that he had such knowledge; and, on May 1st 1854, Ensign paid one year's

21 *

interest on the note and a part of the principal, saying, as the plaintiff testified, " We hope soon to pay the balance." The writ was dated April 27th 1860. *Ames,* J. instructed the jury that 'a payment by Ensign after the dissolution of the firm, but before notice, and while the plaintiff was ignorant of it, would have the same effect as if made during the continuance of the firm. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*S. W. Bowerman,* for the defendant Jones, cited Gen. Sts. *c.* 155, § 14; *Peirce* v. *Tobey,* 5 Met. 168; *Balcom* v. *Richards,* 6 Cush. 360.

*I. Sumner,* for the plaintiff.

METCALF, J. The cases cited for the defendant Jones would have sustained these exceptions, if the plaintiff had known, when he received from Ensign part payment of the note in suit, that the partnership of Ensign & Jones had been dissolved. But he had no notice of that fact. And unless due notice is given of a dissolution of partnership, each partner continues liable for the acts and contracts of the others, relating to the partnership, so far as those acts and contracts respect persons who have previously dealt with the firm. Story on Part. § 162. The plaintiff, when he received part payment of his note, was an antecedent creditor of the firm, and the note was given, a year before, for a partnership debt. The legal effect of the payment was the same that it would have been, if it had been made by Ensign before the dissolution of the partnership ; that is, it was in law a payment by the firm. For each member of a firm has authority to make payments, from the funds of the firm, of the debts of the firm, and to give notes of the firm, in the partnership business, which notes will bind the firm. If Ensign had taken up this note and given a new one for the balance left due on it, in the name of Ensign & Jones, there can be no doubt that it would have bound Jones as well as himself. It would have been a new promise ; and part payment has the effect of a new promise, so far as it respects the statute of limitations.

The failure of the defendants to give notice to the plaintiff,

who had previous dealings with them as partners, that the part-nership was dissolved, distinguishes this case from all those in which a promise of payment, made by one partner after the dis-solution of the partnership, has been held not to take a case out of the operation of the statute of limitations, so as to affect his copartners' liability. The plaintiff had a right to regard the payment by Ensign as a payment by the firm, and to rely on it as a partnership act, with the incidents and legal consequences of such an act.

Since we announced our judgment in this case, we have found that the precise question which we have decided was decided in the same way, in 1855, by the court of New Hampshire, in the case of *Tappan* v. *Kimball*, 10 Foster, 136.

*Exceptions overruled.*